IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.  3:19-CV-642-RGJ

*(ELECTRONICALLY FILED)*

SENTRY STEEL, INC.                                                    PLAINTIFF
4531 Knopp Avenue
Louisville, Kentucky 40213

v.                                        **COMPLAINT**

AAK USA Inc.                                                         DEFENDANTS
A Delaware Corporation with its Principal Place of Business located at
499 Thornall Street, 5th Floor
Edison, New Jersey 08837

AAK USA REALCO, LLC
A Delaware Corporation with its Principal Place of Business located at
499 Thornall Street, 5th Floor
Edison, New Jersey 08837

**\*\*\* \*\* \*\*\* \*\* \*\*\* \*\* \*\*\***

The Plaintiff, Sentry Steel, Inc. (hereinafter "Sentry"), by counsel, for its Complaint against

Defendants AAK USA Inc. (hereinafter "AAK"), and AAK USA Realco, LLC (hereinafter AAK

Realty) states as follows:

**THE PARTIES**

1.      Sentry is a Kentucky corporation with its principal place of business located at 4531

Knopp Avenue, Louisville, Jefferson County Kentucky 40213.

2.      AAK is a Delaware corporation with its principal place of business located at 499

Thornall Street, 5th Floor, Edison, New Jersey 08837.

3.      AAK Realty is a Delaware corporation with its principal place of business located

at 499 Thornall Street, 5th Floor, Edison, New Jersey 08837. AAK Realty is authorized to do

business in Kentucky.

4.    AAK is the sole member of AAK Realty.

## JURISDICTION AND VENUE

5.    This is an action for breach of contract and to collect amounts due and owing under a written contract between Sentry and AAK for services performed by Sentry for AAK on improvements made by Sentry to AAK Realty's real property located at 2500 7th Street Road, Louisville, Kentucky 40208 (hereinafter "the Contract"). A copy of the Contract is attached hereto as Exhibit A and made a part hereof.

6.    This Court has diversity jurisdiction over these claims as Sentry is a Kentucky citizen and both AAK and AAK Realty are citizens of both New Jersey and Delaware. Thus the parties are in complete diversity.

7.    Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. §1332.

8.    Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) as it is the judicial district in which all of the events or omissions giving rise to the claim occurred, and is where a substantial part of property that is the subject of the action is situated.

9.    The agreement at issue in this action was negotiated in, and all the labor and materials provided thereunder were provided in, Jefferson County, Kentucky and the amount in controversy is within the jurisdictional limits of this Court, therefore, jurisdiction and venue are proper.

## STATEMENT OF FACTS

10.    Sentry provides customized structural steel fabrication and erection.

11.    AAK, formerly known as AarhusKarlshamn USA, Inc., is a producer and wholesaler of specialty and semi-specialty vegetable oils and fats for commercial applications in the food, confectionery, pharmaceutical, cosmetic, chemical and animal feed industries.

12.    AAK Realty is the owner in fee simple of real property located at 2500 7th Street Road, Louisville, Kentucky 40208 (hereinafter the Louisville facility).

13.    AAK, either directly and or through subsidiary entities, own and operates a production facility in Louisville Kentucky on AAK Realty's real property located at 2500 7th Street Road, Louisville, Kentucky 40208 (hereinafter the Louisville facility).

14.    On or about October 11, 2017, Sentry entered into a written contract with AAK to furnish labor and materials for the erection of a steel frame and skin for a large deodorizer used to eliminate/diffuse strong odors that are a bi-product of the various processes utilized by AAK in its production of the various oils and fats at the Louisville facility.

15.    The Contract states that it "shall be governed by and construed in accordance with the laws of the State of New Jersey, without application of conflicts of laws provisions."

16.    When AAK submitted the initial purchase order to Sentry for the structural steel, erection, skinning and interior walls of the deodorizer, AAK notified Sentry that it was to coordinate schedule and delivery with Clarence Evenson of United Group Services, Inc. another contractor who was contracted to work on the engineering, design, and construction of the Louisville facility deodorizer, but that Sentry should "feel free to reach out to" AAK if it had any questions.

17.    Thereafter, Sentry coordinated the schedule and delivery of its performance of its obligations under the Contract with Clarence Everson and or his designated agents, and otherwise performed in accordance with the provisions of the Contract, providing materials and labor for the

erection of the steel frame, skin and interior walls of the deodorizer, said labor and/or materials having a contractual and fair market value of $1,748,376.50, of which $197,798.00 remains unpaid as of the filing of this litigation.

18.     Sentry's material and labor in erecting the frame, skin and interior walls of the deodorizer improved AAK Realty's real property located at the Louisville facility.

19.     On or about October 29, 2018, Sentry submitted to AAK its final invoice, a copy of which is attached as Exhibit 1, and incorporated herein.

20.     On or about December 27, 2018, AAK informed Sentry that it would hold off on paying the 10% retainage until an audit was completed, and on or about January 15, 2019, AAK advised that it would not pay the final invoice.

21.     Defendant AAK failed to tender full payment to Sentry under the terms of the agreement with Sentry, and in violation of the New Jersey Prompt Payment Act, and AAK is in default and in breach of the Contract.

22.     Defendant AAK had refused to pay the balance of the monies due to Sentry under the Contract despite demand therefor.

### COUNT I - BREACH OF CONTRACT AND
### VIOLATION OF PROMPT PAYMENT ACT, NJ STAT. § 2A:30A-2

23.     Sentry reiterates and incorporates all of the allegations in numerical paragraphs 1-22 as if fully set forth below.

24.     Sentry's final invoice was approved and certified since AAK failed to provide to Sentry, within 20 days after AAK received Sentry's final invoice, a written statement of the amount AAK was withholding from payment and the reason for withholding payment.

25.    Although pursuant to statute the final invoice was deemed approved and certified, AAK, in breach of the New Jersey Prompt Payment Act, failed to make full and final payment within 30 days of receipt of the final invoice.

### COUNT II - QUANTUM MERUIT/UNJUST ENRICHMENT

26.    Sentry reiterates and incorporates all of the allegations in numerical paragraphs 1-25 as if fully set forth below

27.    Sentry rendered labor, materials, and other construction services that were good and valuable to AAK and made improvements to the Louisville facility that benefited AAK Realty.

28.    Sentries' labor, materials, and other construction services were provided to AAK and AAK Realty with AAK's and AAK Realty's knowledge and consent.

29.    AAK was notified that Sentry expected to be paid by AAK for its labor, materials, and other construction services.

30.    AAK and AAK Realty continue to use the improvements to the Louisville facility made by Sentry without making payment to Sentry for its reasonable value.

31.    The acceptance and retention by AAK and AAK Realty of the benefit provided by Sentry under such circumstances is such that it would be inequitable for AAK and AAK Realty to retain the labor, materials, and other construction services without paying the reasonable value thereof and would amount to an unjust enrichment.

**WHEREFORE,** Sentry prays for judgment as follows:

1. As to Count I of this Complaint, that Sentry be awarded Judgment against AAK in the sum of $197,798.00, with pre-judgment interest thereon at the rate equal to the prime rate plus 1% from November 28, 2018 until the date of payment, pursuant to NJ STAT. § 2A:30A-2(c).

2. As to Count I of this Complaint, that Sentry recover its reasonable costs and attorney's fees to the extent authorized by the New Jersey Prompt Pay Act, NJ STAT. § 2A:30A-2(f).

3. As to Count II of this Complaint, that Sentry be awarded Judgment against AAK and AAK Realty in an amount to be proven at trial with pre-judgment and post-judgment interest thereon at the maximum legal rate until paid.

4. For any and all other relief to which Sentry may appear to be entitled.

Respectfully submitted,

/s/Ayala Golding_____
Ayala Golding
Charles W. Dobbins
Tilford Dobbins & Schmidt, PLLC
401 West Main Street, Suite 1400
Louisville, Kentucky 40202
(502) 584-1000
*COUNSEL FOR PLAINTIFF*
*SENTRY STEEL, INC.*